IN THE
# UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

| | |
|---|---|
| FRANKLIN CALIFORNIA TAX-FREE TRUST, *et al.*,<br><br>*Plaintiffs-Appellees*,<br><br>v.<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>*Defendants-Appellants*. | No. 15-1218 |
| BLUEMOUNTAIN CAPITAL MANAGEMENT, LLC, for and on behalf of investment funds for which it acts as investment manager,<br><br>*Plaintiffs-Appellees*,<br><br>v.<br><br>ALEJANDRO J. GARCIA PADILLA, in his official capacity as Governor of Puerto Rico, *et al.*<br><br>*Defendants-Appellants*. | No. 15-1221 |

**COMMONWEALTH DEFENDANTS' MOTION TO
CONSOLIDATE AND EXPEDITE APPEALS**

| | |
|---|---|
| Margarita Mercado-Echegaray<br>**Solicitor General**<br>**Commonwealth of Puerto Rico**<br>U.S.C.A. No. 1140532<br>P.O. Box 9020192<br>San Juan, PR  00902-0192<br>Telephone: (787) 724-2165<br>Facsimile: (787) 724-3380 | Christopher Landau, P.C.<br>Beth A. Williams<br>Michael A. Glick<br>Claire M. Murray<br>**Kirkland & Ellis LLP**<br>655 15th Street, N.W.<br>Washington, DC  20005<br>Telephone: (202) 879-5000<br>Facsimile: (202) 879-5200 |

*Counsel for Defendants-Appellants the Commonwealth of Puerto Rico, Alejandro García Padilla, in his official capacity as Governor of the Commonwealth of Puerto Rico, and César R. Miranda Rodríguez, in his official capacity as Secretary of Justice of the Commonwealth of Puerto Rico*

February 19, 2015

Defendants-appellants the Commonwealth of Puerto Rico, Alejandro García Padilla, in his official capacity as Governor of the Commonwealth of Puerto Rico, and César R. Miranda Rodríguez, in his official capacity as Secretary of Justice of the Commonwealth of Puerto Rico (collectively, "the Commonwealth defendants") respectfully move to consolidate and expedite these appeals. In support of this motion, the Commonwealth defendants state as follows:

1.     Both of these appeals challenge the February 6, 2015 decision of the U.S. District Court for the District of Puerto Rico to invalidate and permanently enjoin enforcement of the Puerto Rico Public Corporation Debt Enforcement and Recovery Act ("Recovery Act"), Act No. 71 of June 28, 2014. According to the district court, the Recovery Act is preempted by the federal Bankruptcy Code, and thus violates the Supremacy Clause of the federal Constitution.

2.     It is always extraordinary for a federal district court to invalidate a statute on federal constitutional grounds, but it is especially extraordinary to invalidate *this* statute. The Recovery Act represents an emergency response to the most profound fiscal crisis in the Commonwealth's history. The Legislative Assembly passed the Act

on June 25, 2014, and the Governor signed it into law just three days later.

3. The Recovery Act creates a mechanism for Puerto Rico's public corporations to restructure their debts so that they may continue to provide essential public services like dependable electricity and clean water to Puerto Rico's people while at the same time protecting the interests of their creditors. As the Legislative Assembly explained in the Act's Statement of Motives, "the current fiscal emergency situation requires legislation that allows public corporations, among other things, (i) to adjust their debts in the interest of all creditors affected thereby, (ii) provide procedures for the orderly enforcement and, if necessary, the restructuring of debt in a manner consistent with the Commonwealth Constitution and the U.S. Constitution, and (iii) maximize returns to all stakeholders by providing them going concern value based on each obligor's capacity to pay." Recovery Act, Stmt. of Motives, § D.

4. The Act is necessary because, as all parties agree, Puerto Rico's public corporations—in sharp contrast to the public corporations of the fifty States—are categorically ineligible to seek relief under Chapter 9 of the federal Bankruptcy Code. The Recovery Act is

2

patterned on Chapter 9, and creates a specialized Commonwealth court to exercise *in rem* jurisdiction over the property of any public corporation that seeks protection under the Act. *See id.* §§ 109, 111.

5. On June 28, 2014—the very day that the Governor signed the Act into law—a group of investment funds (the "Franklin plaintiffs"), claiming to hold bonds issued by one such public corporation, the Puerto Rico Electric Power Authority (PREPA), filed a lawsuit challenging the constitutionality of the Act on various grounds. *See* Franklin Compl. [Franklin Dkt. 1]; Franklin Am. Compl. [Franklin Dkt. 85]. On July 22, 2014, another group of putative PREPA bondholders (the "BlueMountain plaintiffs") filed a similar lawsuit. *See* BlueMountain Compl. [BlueMountain Dkt. 1]. The district court consolidated the two lawsuits on August 20, 2014. [Franklin Dkt. 92; BlueMountain Dkt. 26].

6. Defendants moved to dismiss both lawsuits. Plaintiffs filed separate briefs in opposition. And the Franklin plaintiffs also moved for summary judgment on, *inter alia*, their claim that the Recovery Act is preempted by the federal Bankruptcy Code and thus invalid under the Supremacy Clause.

3

7. On February 6, 2015—without hearing oral argument—the district court (Besosa, J.) issued an Opinion and Order holding that the Recovery Act is preempted by Section 903 of the federal Bankruptcy Code. This, despite the fact that Puerto Rico's public corporations are categorically ineligible to seek relief under Chapter 9, of which Section 903 is a part. In light of its holding on preemption, the district court concluded that the Act violates the Supremacy Clause of the U.S. Constitution, and permanently enjoined the Commonwealth defendants, and their successors in office, from enforcing the Act. *See* Opinion & Order [Franklin Dkt. 119; BlueMountain Dkt. 46]. The Opinion and Order also granted summary judgment in favor of the Franklin plaintiffs, although not in favor of the BlueMountain plaintiffs (who had not even moved for summary judgment). *See id.*

8. The Commonwealth defendants promptly filed separate notices of appeal in both the Franklin and BlueMountain cases, and then amended those notices of appeal after the district court entered separate judgments in each of the cases on February 10, 2015. *See* Franklin Notice of Appeal [Franklin Dkt. 122]; BlueMountain Notice of Appeal [BlueMountain Dkt. 47]; Franklin Judgment [Franklin Dkt.

4

123]; BlueMountain Judgment [BlueMountain Dkt. 48]; Amended Franklin Notice of Appeal [Dkt. 124]; Amended BlueMountain Notice of Appeal [BlueMountain Dkt. 49]. The judgment in the Franklin case is a final judgment within the meaning of 28 U.S.C. § 1291, because it granted the Franklin plaintiffs all the relief they sought and does not contemplate any further proceedings in the district court; indeed, the judgment expressly closes the case. *See* Franklin Judgment [Franklin Dkt. 123]. The BlueMountain judgment does not close the case, because (as noted above) the BlueMountain plaintiffs never moved for judgment in their favor; nonetheless, the underlying Opinion and Order remains appealable as to the BlueMountain plaintiffs as well as the Franklin plaintiffs because it enjoins the Commonwealth defendants from enforcing the Recovery Act. *See* 28 U.S.C. § 1292(b)(1). In other words, the district court's Opinion and Order of February 6 is squarely presented for this Court's immediate review in both cases.

9. For the convenience of the Court and the parties, the Commonwealth defendants respectfully request consolidation of the two appeals, which present common legal issues and arise out of a single order entered in a consolidated proceeding below.

10. In addition, the Commonwealth defendants respectfully request expedited review of these appeals because this case is of pressing concern to the public and the litigants, and there is good cause for expedited treatment. *See* 28 U.S.C. § 1657(a); Fed. R. App. P. 2 & 1967 Advisory Committee Note ("The primary purpose of this rule is to make clear the power of the courts of appeals to expedite the determination of cases of pressing concern to the public or to the litigants by prescribing a time schedule other than that provided by the rules."). The decision below invalidated not merely legislation duly enacted by the sovereign government of Puerto Rico, but emergency legislation critical to the Commonwealth's ability to manage its financial affairs and to promote the well-being of its citizens and the public corporations that serve them. It is imperative to the Commonwealth and its citizens, as well as to its public corporations and their creditors, that the validity of the Recovery Act be adjudged as expeditiously as possible. The acute fiscal crisis that gave rise to the Recovery Act is still very much a reality, and is just as pressing now as ever.

11. In light of the background presumption of constitutionality customarily accorded to legislation, *see, e.g.*, *Guillemard-Ginorio v. Contreras-Gomez*, 490 F.3d 31, 38 (1st Cir. 2007), it is necessary and appropriate for this Court to move expeditiously to review the decision below. As a result of the district court's decision, the Commonwealth's public corporations cannot avail themselves of the emergency mechanism, duly enacted by the Legislative Assembly and signed into law by the Governor, for the orderly and equitable restructuring of their debts. This result is especially pernicious because, as noted above, Puerto Rico's public corporations are categorically excluded from seeking relief under Chapter 9 of the federal Bankruptcy Code. The upshot of the decision below is thus to leave Puerto Rico's public corporations in a legislative "no man's land" in which those corporations cannot seek protection under *either* Chapter 9 *or* an analogous Commonwealth statute, and thus cannot restructure their debts in a way that allows them to treat all of their creditors equitably, while still continuing to provide vital public services to the people of Puerto Rico.

12. Among the public corporations most adversely affected by the current fiscal crisis is PREPA, the electric utility, which employs

over 7,000 persons and supplies virtually all of the Commonwealth's electric power. In recent years, PREPA has experienced severe reductions in its net revenues and has incurred net losses and cash flow shortfalls due to the prolonged weakness in the Commonwealth's macroeconomic conditions (including declining population and steep unemployment) as well as high energy, labor, and maintenance costs. In light of these financial difficulties, PREPA entered into forbearance agreements with key creditors on August 14, 2014, which allowed the company to delay certain payments due to its lenders in July and August 2014 until March 31, 2015.

13. Although PREPA has made significant progress during the forbearance period to improve its future outlook—including hiring a Chief Restructuring Officer and working towards a comprehensive business plan—the current forbearance agreements are set to expire on March 31, 2015. PREPA is actively seeking to negotiate extensions of those agreements with its creditors, but those efforts may be hampered by the district court's decision invalidating the Act. If PREPA and its creditors are unable to extend the current forbearance agreements, the Commonwealth defendants may be constrained to seek emergency relief

pending appeal before the current forbearance period expires on March 31, 2015. In the absence of an extension of the forbearance agreements or such emergency judicial relief, PREPA's creditors may seek to pursue unilateral action that would disrupt the provision of essential public services in Puerto Rico, including attempting to accelerate PREPA's debts, initiating litigation to raise electricity rates, or seeking appointment of a receiver. Regardless of whether the Commonwealth defendants are ultimately constrained to pursue a stay pending appeal to prevent irreparable injury, this Honorable Court should expedite its review of this case.

14. This Court has previously expedited its appellate review in the face of time-sensitive challenges involving the constitutionality of duly-enacted state statutes. *See, e.g.*, *Daggett v. Commission on Governmental Ethics & Election Practices*, 205 F.3d 445 (1st Cir. 2000) (challenge to Maine Clean Election Act's public funding mechanism and contribution limits); *League of Women Voters of Maine v. Diamond*, 82 F.3d 546 (1st Cir. 1996) (challenge to Maine Term Limitation Act of 1993); *Associated Indus. of Mass. v. Snow*, 898 F.2d 274, 277 (1st Cir. 1990) (challenge to asbestos training requirements imposed by

9

Massachusetts legislature). Likewise, where a district court's injunction threatens an appellant's ongoing business and affairs, this Court has often expedited its review. *See, e.g.*, *Corporate Techs., Inc. v. Harnett*, 731 F.3d 6 (1st Cir. 2013) (appeal from grant of preliminary injunction restraining former employee's conduct in subsequent employment); *U.S. Pub. Interest Research Grp. v. Atlantic Salmon of Me., LLC*, 339 F.3d 23 (1st Cir. 2003) (expedited briefing and argument granted where injunction enforcing the Clean Water Act impacted appellants' ongoing fishing operations).

15. Accordingly, the Commonwealth defendants respectfully propose the following expedited schedule for this appeal:

Appellants' Opening Brief(s): March 16, 2015

Appellees' Response Brief(s): April 15, 2015

Appellants' Reply Brief(s): April 29, 2015

Oral Argument: May 2015

In addition, any *amicus* briefs would be due on the same date as the main brief of the party supported. Any *amicus* brief in support of neither party would be due on the same date as appellants' opening brief(s).

16.   The Commonwealth defendants have contacted counsel for the other parties regarding the relief requested in this motion. Counsel for the Government Development Bank defendants stated that those defendants agree with the relief requested in this motion. Counsel for the Franklin plaintiffs and the BlueMountain plaintiffs stated that (1) those plaintiffs do not oppose consolidation of the appeals, provided that each appellee is permitted to file its own brief of 14,000 words; and (2) those plaintiffs do not oppose the briefing schedule proposed herein, including oral argument in May if that is the Court's wish, subject to the availability of counsel, and subject to appropriate modification of the briefing schedule in the event that one or more of the plaintiffs files a cross-appeal.

February 19, 2015                                        Respectfully submitted,

/s/ *Margarita Mercado-Echegaray*

| | |
|---|---|
| Margarita Mercado-Echegaray | Christopher Landau, P.C. |
| **Solicitor General** | Beth A. Williams |
| **Commonwealth of Puerto Rico** | Michael A. Glick |
| | Claire M. Murray |
| U.S.C.A. No. 1140532 | **Kirkland & Ellis LLP** |
| P.O. Box 9020192 | 655 15th Street, N.W. |
| San Juan, PR  00902-0192 | Washington, DC   20005 |
| Telephone: (787) 724-2165 | Telephone:  (202) 879-5000 |
| Facsimile: (787) 724-3380 | Facsimile: (202) 879-5200 |
| *marmercado@justicia.pr.gov* | *clandau@kirkland.com* |

11

*Counsel for Appellants the Commonwealth of Puerto Rico, Alejandro García Padilla, in his official capacity as Governor of the Commonwealth of Puerto Rico, and César R. Miranda Rodríguez, in his official capacity as Secretary of Justice of the Commonwealth of Puerto Rico*

# CERTIFICATE OF SERVICE

I, Margarita Mercado-Echegaray, hereby certify that I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

In San Juan, Puerto Rico, this 19th day of February, 2015.

/s/ *Margarita Mercado-Echegaray*
Margarita Mercado-Echegaray
