## UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

BLUEMOUNTAIN CAPITAL MANAGEMENT, LLC, for itself and for and on behalf of investment funds for which it acts as investment manager,

*Plaintiff–Appellee,*

*v.*

ALEJANDRO J. GARCÍA PADILLA, in his official capacity as Governor of Puerto Rico, et al.,

*Defendants–Appellants.*

No. 15-1221

---

## APPELLEE BLUEMOUNTAIN CAPITAL MANAGEMENT, LLC'S RESPONSE TO THE COMMONWEALTH DEFENDANTS' MOTION TO CONSOLIDATE AND EXPEDITE APPEALS

David C. Indiano (1st Cir. #46075)
Jeffrey M. Williams (1st Cir. #20548)
Leticia Casalduc-Rabell (1st Cir. #50714)
INDIANO & WILLIAMS, PSC
207 Del Parque St., 3d Floor
San Juan, P.R.  00912
(787) 641-4545

Theodore B. Olson (1st Cir. #96777)
Matthew D. McGill (1st Cir. #102893)
Matthew J. Williams
   (1st Cir. #1163388)
Scott G. Stewart (1st Cir. #1168820)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
mmcgill@gibsondunn.com

*Counsel for Plaintiff–Appellee BlueMountain Capital Management, LLC*

**RESPONSE TO THE COMMONWEALTH DEFENDANTS'
MOTION TO CONSOLIDATE AND EXPEDITE APPEALS**

In the course of requesting procedural relief that no party opposed, the Commonwealth defendants lard their motion with argument on the merits of the decision below and with tendentious characterizations of the current state of affairs that have no support whatsoever in the record or reality. This appeal and Appeal No. 15-1218 concern important issues and should be resolved promptly—but not for the misleading reasons that the defendants provide. Plaintiff–appellee Blue-Mountain Capital Management, LLC therefore submits this response to clarify several points.

The Puerto Rico Public Corporation Debt Enforcement and Recovery Act, Law No. 71-2014 ("Act"), at issue in these cases purports to establish a bankruptcy-like scheme allowing the Commonwealth's public corporations, including the Puerto Rico Electric Power Authority ("PREPA"), to petition a new Commonwealth court to compel bondholders to accept less principal, lower interest, and fewer rights than their debt instruments promise. *See*, *e.g.*, Act §§ 109, 115, 202, 301, 314; *see also id.* Statement of Motives, § E. The Act also stripped bondholders of rights and remedies that PREPA and others promised them when issuing the bonds, including the right to ask a Puerto Rico court to appoint a receiver to manage the debtor's operations in a way that would allow it to repay its debts while still providing service to the public. *See*, *e.g.*, Act § 108(b).

1

BlueMountain, which (along with funds that it manages) holds more than $400 million in PREPA-issued bonds, sued the defendants, seeking a declaratory judgment that the Act is preempted by the federal Bankruptcy Code and an injunction enjoining the Act's enforcement. Because Congress has expressly determined that "a State law prescribing a method of composition of indebtedness"—that is, a method of debt restructuring, *see Black's Law Dictionary* 346 (10th ed. 2014)—for its public instrumentalities "may not bind any creditor that does not consent to such composition," 11 U.S.C. § 903(1), the district court held that the Act is "preempted by the federal Bankruptcy Code and is therefore void pursuant to the Supremacy Clause of the United States Constitution." No. 14-1569, Dkt. 46, at 75 (D.P.R. Feb. 6, 2015) ("Op.").

The Commonwealth defendants base their request for expedition on premature merits arguments and gratuitous misrepresentations about the facts surrounding this appeal. The time to engage the merits will come soon enough, and Blue-Mountain will not refute the defendants point-by-point now. But to allay the confusion that the Commonwealth defendants have introduced into this appeal, Blue-Mountain briefly clarifies several points.

*First*, the Commonwealth defendants are wrong to brand the district court's decision as "especially pernicious" because it purportedly leaves Puerto Rico's indebted public corporations in "a legislative 'no man's land.'" Commonwealth

2

Defs.' Mot. to Consolidate and Expedite Appeals 7 ("Mot.").  Puerto Rico's public entities are by no means "unique in their inability to restructure their debts" under the Bankruptcy Code.  Op. 39.  Just as many States refuse to permit their own public entities from being Chapter 9 debtors, Congress has specifically decided to preclude public entities of both the District of Columbia and Puerto Rico from doing so either.  *See id.* at 33-34, 38-40 & nn.15-17.  The Commonwealth defendants' claim of a consignment to a "legislative 'no-man's land'" is misleading also because it overlooks the Commonwealth's own statute authorizing PREPA to issue bonds, which provides precise and targeted remedies upon a default.  *See* 22 L.P.R.A. §§ 207-208.

*Second*, the defendants are wrong to claim that the district court's injunction imperils PREPA's negotiations with its creditors.  *See* Mot. 8.  The injunction restored those negotiations to the status quo that prevailed before the Commonwealth enacted the Act.  While it is true that the injunction deprives the Commonwealth and its public corporations of the additional leverage it had gained by wielding the threat of a coercive restructuring conducted under Puerto Rico law, the loss of that leverage possibly could "hampe[r]" negotiations, *id.*, only if the Commonwealth and its corporations are unwilling to negotiate without the leverage of such a trump card.

3

*Third*, the Commonwealth defendants suggest that, unless the district court's injunction is lifted and the Commonwealth's leverage at the bargaining table is re-enhanced with the club of a coercive restructuring, PREPA's creditors "may seek to pursue unilateral action that would disrupt the provision of essential public services in Puerto Rico." Mot. 9. That unsupported suggestion is wrong. PREPA's authorizing statute and the contract governing PREPA's bonds allow bondholders to ask a Puerto Rico court to appoint a receiver to manage PREPA's operations in a manner that allows bondholders to be repaid if PREPA defaults, while still maintaining PREPA's electric utility service. *See* 22 L.P.R.A. § 207; No. 14-1569, Dkt. 20-1, § 804 ("Trust Agreement"). The statute and contract provide for other remedies, including the right to ask a court to compel PREPA to set its rates in a way that allows it to satisfy its debt obligations, and to make principal and interest immediately payable upon default. *See* 22 L.P.R.A. § 208; Trust Agreement §§ 502, 803. Far from constituting "unilateral action," Mot. 9, the Commonwealth and PREPA *expressly guaranteed* these remedies to bondholders to induce them to buy bonds. And in no event would the exercise of these remedies "disrupt the provision of essential public services," as the Commonwealth claims. *Id.* If the Commonwealth defendants want PREPA's creditors to grant further forbearance, they should negotiate for it in good faith with those creditors, not ask this Court to impose it by reinstating the Act that strips creditors of their remedies.

As the Commonwealth defendants state, Mot. 11, BlueMountain does not oppose consolidating this appeal with Appeal No. 15-1218 and expediting briefing and argument.  The issues presented are important to all of the Commonwealth's public corporations' stakeholders—including their creditors—and prompt resolution of those issues will benefit all stakeholders by bringing certainty to the legal backdrop against which the restructuring of those corporations' debts will occur. The Commonwealth defendants' misrepresentations about the district court's decision and the facts surrounding it, however, should not be credited.

Dated:  February 20, 2015                       Respectfully submitted,

                                                 /s/ Matthew D. McGill
David C. Indiano (1st Cir. #46075)      Theodore B. Olson (1st Cir. #96777)
Jeffrey M. Williams (1st Cir. #20548)   Matthew D. McGill (1st Cir. #102893)
Leticia Casalduc-Rabell (1st Cir. #50714)   Scott G. Stewart (1st Cir. #1168820)
INDIANO & WILLIAMS, PSC                 GIBSON, DUNN & CRUTCHER LLP
207 Del Parque St., 3d Floor            1050 Connecticut Avenue, N.W.
San Juan, P.R.  00912                   Washington, D.C.  20036
(787) 641-4545                          (202) 955-8500
                                        mmcgill@gibsondunn.com

*Counsel for Plaintiff–Appellee BlueMountain Capital Management, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of February, 2015, I electronically filed the foregoing response with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the Court's appellate CM/ECF system, and that service will be accomplished by the appellate CM/ECF system.

/s/ Matthew D. McGill

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
mmcgill@gibsondunn.com

*Attorney for BlueMountain Capital Management, LLC*